Joseph Prentiss *v.* Stephen T. Larnard and William Post.

Franklin, *January,* 1839.

*(In Chancery,)*

A bill in chancery will not be sustained to try and settle the legal right to a water course, or to enjoin the use thereof, until after the legal right is first settled.

This was a bill in chancery, stating, in substance, that the orator owned an extensive water privilege, on the river Lamoille ; that, heretofore, he deeded certain land and water privilege in these words : " Said premises to be used for the privilege of a fulling mill and cloth dressing, with the right of taking water from the grist-mill floom for that purpose." And that he afterwards granted another privilege, in these words : "The privilege of taking water from the grist-mill floom, sufficient for the purpose of carding upon said privilege or premises with two double carding machines and one picking machine, with the right of putting up a turning lathe, and no more ;" that the defendants had become the owners of these two grants, and have erected a woollen factory, and use the water exclusively for that, which, the orator alleges, prevents his selling water privileges to other persons, for the purpose of woollen factories, and that thereby he has suffered damage. The bill prays that the defendants may be decreed to pay this damage, and enjoined from so using the water. To this bill the defendants demurred.

*O. Stevens* and *S. S. Brown,* for defendants, contended that the orator, if aggrieved in the premises, had a full and adequate remedy at law, and that it was not a proper subject for equity jurisdiction.

*Smith & Aldis,* for orator.

I. The clauses annexed to the grant, as recited in the bill, operate as a restriction upon the use of the privilege, specifying the business which may be carried on, and the amount of water that may be used.

1. The grantor had power to append such a restriction to his grant, and has done so by the plain and natural construction of the clauses of restriction.

2. The clause is inserted in its proper place in the deed.

3. It must be deemed a covenant, and the rule of construction in it is to be taken most strongly against the covenantor.

4. The nature of the business, "carding and cloth dressing," as it is usually carried on at certain seasons of the year and suspended at others, shows the intent of the orator for making the restriction, and a good reason for it.

5. The acts of the parties, stated in the bill, show *their* construction of the grant.

II. The restriction has been violated, to the injury of the orator. At law he has no remedy except an action to recover damages for past injuries. Chancery can enjoin defendants from committing future injuries.

The opinion of the court was delivered by

COLLAMER, Chancellor.—The original jurisdiction of the court of chancery over the subjects of account, trust, fraud or accident, does not extend to this case. The subject matter of this bill is clearly of common law jurisdiction, unless in relation to the injunction. The jurisdiction of the court over the matter of private nuisances and matters of this kind is merely in aid of the courts of common law, and is mostly designed to prevent immediate and irreparable injury, and to preserve the subject matter of controversy from destruction until the right can be settled. And where the right is fully settled at law, a bill may be sustained fully to carry into effect the judgment, to prevent endless controversy, in the nature of a bill of peace. But the court of chancery will never sustain a bill in such case, to adjudge and settle the legal rights of the parties, when in dispute. That must be done by a court of law, or by a long, uninterrupted and undisputed user. (Angell on Watercourses, 174.)

The present bill is not of either of these classes of cases. The water course, the subject matter of controversy, is in no danger of being destroyed. The rights of the parties are entirely unsettled. Indeed, the bill seems to have been brought to settle them and adjust damages, as well as to procure an injunction. For such purposes it cannot be entertained. But it is insisted that the only question arises on the construction of the grants, that is, whether the defendants are restricted only as to the *quantity* of wa-

ter or whether they are limited also as to the purposes of its use ; and that this is a *question of law,* which this court is competent to settle. But this court, as a court of chancery, know no more of a question of *law* than of a matter of *fact ;* and the circumstance that the same persons, who are judges of the supreme court, are also chancellors, does not affect the powers of the court of chancery.

Demurrer allowed, and bill dismissed.

Royce, Chancellor, was prevented by ill health from sitting in this case. .