STATE *ex rel.* O. OTTO DONLEY *v.* HON. CHAS. G. BAKER,

*Judge, et al.*

(No. 7344)

Submitted April 26, 1932.   Decided May, 3, 1932.

*Kermit R. Mason* and *Minter L. Wilson,* for petitioner.
*Charles A. Goodwin,* for respondents.

264

WOODS, JUDGE:

O. Otto Donley seeks a writ of prohibition restraining Honorable Charles G. Baker, judge of the circuit court of Monongalia County, Edward G. Donley, administrator of the estate of James Wesley Donley, and Robert T. Donley, special receiver, from further enforcing or attempting to enforce a certain decree, pronounced in the cause of Edward G. Donley, Admr., etc., against petitioner, directing the latter to surrender and deliver forthwith to the special receiver certain government bonds, and a subsequent order committing petitioner to the sheriff of Monongalia County for failure so to do.

James Wesley Donley, a resident of Greene County, Pennsylvania, died January 22, 1930, leaving a will appointing the petitioner herein as executor thereof. Petitioner qualified and listed certain property which was appraised at $16,000.00, and thereupon gave the statutory bond in double that amount. Sometime the following year certain of the heirs appeared before the Orphans' Court, in Greene County, and obtained a citation requiring the executor to appear and show cause why he should not make and file a true and perfect inventory of all the goods, chattels and credits of his decedent, including therein certain government bonds in an amount of $80,000.00. On August 25, 1931, it appears that the parties appeared by counsel, and that the court at that time entered an order directing the filing of such an amended inventory within five days and that said bonds be delivered forthwith into the hands of the sheriff or an additional bond for $160,000.00 be executed. Upon failure to comply with said order he was dismissed as executor and another appointed in his place. Due to the fact that both the petitioner herein and the bonds were in Monongalia County, West Virginia, Edward G. Donley was appointed as administrator, with the will annexed in Monongalia County, and filed a bill in chanery setting up that some $80,000.00 in government bonds belonging to his decedent's estate had not been returned in the inventory, and that same had been in the possession of O. Otto Donley, in Monongalia County, West Virginia, and

that he fraudulently withheld them from said estate, and has been converting same to his own use. The bill prays, among other things, for the appointment of a receiver and for a temporary injunction preventing petitioner from further disposing of the aforesaid bonds pending the determination of the suit. A receiver was appointed upon notice, in conformity with the prayer therefor, and petitioner directed to turn the $80,000.00 worth of bonds over to the receiver. Upon failure to comply, the petitioner was committed to the custody of the sheriff. Hence the present petition for a writ of prohibition.

The petitioner assails the action of the court by claiming it to be without jurisdiction to enter the injunction complained of, and that the order entered at the instance of the receiver requiring him to turn over the bonds in his possession, to await the action of the court in the suit, is void. He, therefore, asks his release from the judgment of contempt for failing upon demand of the receiver to turn over the bonds so held and claimed by him.

A mandatory injunction is one of the most extraordinary remedies recognized by a court of equity. The granting of such writ is a matter resting largely in the discretion of the chancellor. It is resorted to usually for the purpose of effectuating full and complete justice. This principle in our laws is sustained by all the leading text writers, as well as the opinions of the courts of the land. Because of the nature of the writ, it has been seldom resorted to in this state. We are, however, fortunate in having two cases which bear directly on the question. *Powhatan Coal Co.* v. *Ritz, Judge,* 60 W. Va. 395, 56 S. E. 257; *Crossland* v. *Crossland,* 53 W. Va. 108, 44 S. E. 424. In the first case cited is laid down the broad principle that while mandatory injunctions are seldom allowed before final hearing, in cases of necessity and extreme hardship they may be awarded at the inception of the suit and without notice. Thus we are committed to the doctrine that they may be awarded at any time.

The authorities relied upon by the petitioner amount merely to instances where the discretion of the court has been abused in the allowance of such injunctions. The function of a preliminary injunction whether it be prohibitory or mand-

atory, is to preserve the status quo, until upon final hearing, the court may grant full relief. In the *Powhatan Coal Company* case it is held that a preliminary injunction, which deprives a party to a suit of property real or personal, *without a hearing*, is null and void, the awarding of which being an act in excess of the jurisdiction of the court. So, in the case of *Crossland* v. *Crossland, supra,* where the property was taken from the possession of the defendant and sold immediately without the rights of the parties being settled, the court said: "Defendant certainly had his right to a day in court before being thus deprived of property of which he was possessed and to which he claimed title. Section 10, Article 3 of our Constitution provides 'No person shall be deprived of life, liberty or property, without due process of law and the judgment of his peers.' In this case this vital and salutary provision of our fundamental law was clearly violated." We emphasize the fact here that it was the deprival of the right of the defendant in the *Crossland* case of a trial involving his claims to the property in question.

In the instant case it is averred that the possession of the bonds is required to be placed in the hands of the receiver of the court to keep them in status quo, but to be delivered to the proper owner on the final hearing. Thus the act of the chancellor is a mere provisional remedy, the legitimate object of which is the preservation of the property in controversy until the final decision of the case on a full and final hearing on the merits or dismissal of the bill for want of jurisdiction or other sufficient cause. *Wilmington City Railway Co.* v. *Taylor,* 198 Fed. 159. Where the sole object for which such injunction is sought, as here, is a protection of the property or the maintenance of the status quo until the rights of the parties can be decided upon final hearing, the injunction may ordinarily be allowed. The general law sustains the foregoing cases. "Subject to some limitations and exceptions, it is very generally held improper to issue a preliminary injunction, the effect of which will be to compel the transfer of property from one litigant to another, especially where the legal title is in dispute and the party having possession, asserts ownership in himself." 32 C. J. 26. In the

case here under consideration, however, the property in question is not sought to be turned over to the opposing party, but to be placed in the hands of the court to await the adjudication of the title to the property. This course too finds sanction in our statute, Chapter 53, Article 6, section 1, Code 1931: "A court of equity may, in a proper case pending therein, in which funds or property of a corporation, firm or person is involved, and there is danger of the loss or misappropriation of the same or a material part thereof, appoint a special receiver of such funds or property, or of the rents, issues and profits thereof, or both, who shall give bond with good security to be approved by the court." At the risk of repetition, the action in the instant case in requiring the turning over of the bonds to the receiver is only for the protection of the fund, while the defendant is not deprived of his right to set up his claim to it and to have such claim adjudicated. It is merely put in the hands of the receiver for safe-keeping during the litigation.

The petitioner points to the fact that he has filed an answer to the rule in which he denies his insolvency and sets up ownership in the bonds sought to be placed in the hands of the receiver of the court. However, the allegations of the bill, as to insolvency, fraudulent conduct and the like, which are supported by the exhibits and affidavit, are strongly presumptive in favor of the pleader's equity. In such case we have held that where the only defense is the denial of the defendant, the court will continue the injunction awarded for the purpose of preserving the status of the property until the final hearing. *Robrecht* v. *Robrecht*, 46 W. Va. 738, 34 S. E. 801. The instant case, as we have shown, comes within the statute, which was evidently enacted to secure the preservation of property in dispute until its title may be determined after a hearing by the court. If the defendant be insolvent and the bonds be dissipated during the litigation, what avail the plaintiffs if they are successful at the end? Of course, this discretionary power is not arbitrary or unlimited but must be exercised reasonably and in harmony with well established principles. In every case in which the law leaves anything to the discretion of the court, a sound

268

and legal discretion is understood and not an arbitrary one. If it violates the rules laid down for its guidance, it does not any more than in any other case or erroneous decision, make the action of the court *coram non judice*.

The petitioner cannot substitute prohibition in this court for appeal—the remedy to review for error committed by an inferior court. *McConiha* v. *Guthrie*, 21 W. Va. 134. In other words, the review can only be had in the instant case, provided error has been committed by the circuit court, by appeal and supersedeas, and not by prohibition. So believing, we deny the writ.

*Writ denied.*