**FILED**
**October 20, 2023**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia ex rel. Robert Hooff,**
**Petitioner**

**vs)  No. 23-53**

**The Honorable Ronald E. Wilson,**
**Judge of the Circuit Court of Ohio County, and**
**The Estate of Sylvia Peace,**
**by and through Tony Peace, Executor, and**
**E. Phillips Polack,**
**Respondents**

**MEMORANDUM DECISION**

Petitioner Robert Hooff seeks a writ to prohibit enforcement of a January 24, 2023 order from the Circuit Court of Ohio County requiring him to, among other things, allow his neighbors to conduct percolation testing on his property with a view to installing a drainage field for a septic system, there.  For the reasons discussed below, we concur with Mr. Hooff that the order is clearly erroneous, so we grant the writ.[1]

Petitioner Robert Hooff, Respondent E. Phillips Polack, and the Estate of Sylvia Peace[2] own neighboring real estate in Ohio County.[3]  The properties come from a common parcel on which four homes had been built.  Pipes running from those homes transported sewage into a disposal system located mainly on what would later become Mr. Hooff's parcel.  Mr. Hooff claims that he became aware that pipes transported sewage from the residences on Mr. Polack's and the

---

[1] Resolution of this petition for extraordinary relief by memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

[2] The Estate of Sylvia Peace, by and through Tony Peace, Executor, did not respond to the petition.

[3] Petitioner Hooff is represented by counsel Frank X. Duff, Sandra K. Law, and R. Jared Lowe.  Respondent Polack is represented by Mark A. Kepple and Benjamin Visnic.  Counsel signed the response on behalf of "Respondents, E. Phillips Polack and Wendy Polack."  Mrs. Polack is not named as a party on the complaint contained in the appendix record, so we refer to Mr. Polack, only, in this decision.

Peace Estate's properties onto his own in 2020. He represents that, in July 2021, he asked officials at the Wheeling-Ohio County Health Department to take action to rectify that situation. In August 2021, the Health Department issued permits to Mr. Polack and the Peace Estate to install sewage systems on their own properties.

Rather than install the systems specified in those permits, Mr. Polack and the Peace Estate sued Mr. Hooff in September 2021, alleging that the current sewage system serving their properties (i.e., the pipe discharging sewage onto Mr. Hooff's property) did not comply with current law and that they wanted to improve the system. They could not do this, they alleged, unless Mr. Hooff allowed them on his property and agreed to pay his share of improvements. Mr. Hooff had to do that, they claimed, because they had an implied easement over his property for sewage disposal purposes, including testing and upgrading the disposal system. They asserted claims for slander of title and conversion, a declaratory judgment, tortious interference, and attempted financial exploitation. They sought an injunction and temporary restraining order, plus damages "for build out of an alternative sewer facility" and "loss of land if required to use other land as septic facility," among other relief.

On December 13, 2021, Mr. Polack and the Peace Estate moved for a "preliminary injunction permitting testing and access." They asserted that they were "entitled to access [Mr. Hooff's] property to survey, locate, install, and maintain a sewer system for the dominant estate parcels [i.e., theirs] without interference" by Mr. Hooff. In his response to the motion for preliminary injunction, Mr. Hooff argued that Mr. Polack and the Peace Estate could not demonstrate that they held an implied easement over his property and that state regulation bars "[o]ff-lot disposal of sewage or effluent requiring the use of or crossing of adjacent property" without "a recorded easement or authorization."[4]

On October 27, 2022, counsel for Mr. Hooff informed the Ohio County Solicitor by letter that Mr. Polack had let his permit expire and was in violation of various public health laws and regulations.[5] Counsel for Mr. Hooff asked the Solicitor to enforce those public health laws. On November 7, 2022, counsel for Mr. Polack reported to the court that "upon information and belief," Mr. Hooff had "caused the Ohio County Health Department to attempt to disconnect the water service to the two homes" on Mr. Polack's property. Counsel referenced Mr. Polack and the Peace Estate's plea for injunctive relief and requested "an emergency hearing on the injunctive relief issues." Four days later, the court entered an agreed order[6] temporarily enjoining the Ohio County Health Department, the City of Wheeling, and the Water Department of the City of Wheeling from disconnecting the water service to the two houses on Mr. Polack's property.

---

[4] W. Va. Code of State Rules 64-9-3.8 (1998).

[5] Mr. Hooff relayed that a septic system had been installed on the Peace property.

[6] As stated in the order, Mr. Hooff did not object to the request that the court enjoin, temporarily, the Ohio County Health Department, the City of Wheeling, and the City of Wheeling's Water Department from disconnecting the water service to the two houses located on Mr. Polack's property. The order also reflects that "[t]he parties' positions regarding the statutory authority of the Ohio County Health Department to take action in this matter are not waived and are preserved," with no further explanation.

The parties convened for a status hearing on November 21, 2022. At the hearing, Mr. Polack's counsel suggested to the court that "maybe one smart move for us may be to clear up a threshold issue. Would [Mr. Hooff's] land even get through a [percolation] test?" According to Mr. Polack's counsel, if the court did not permit his client to conduct a percolation test on Mr. Hooff's property, "we're spinning our wheels trying to determine that we still have rights to keep doing what we're doing." Mr. Hooff's counsel was not amenable to that idea and reminded the circuit court of his client's position that "Dr. Polack has no right to use – has no easement here at all." The court dismissed counsel's protest, stating that it was "not buying into that argument. We got to solve the problem." Counsel for Mr. Hooff later restated his client's position that Mr. Polack had no right to enter the Hooff property. Again, the circuit court pushed the issue aside, informing Mr. Hooff's counsel that, "to the extent that there is a legal argument that [Mr. Polack and the Peace Estate] have a right that has continued to be on [Mr. Hooff's] property for this sole purpose [i.e., sewage disposal], that's something you might have to win in the [S]upreme [C]ourt." This exchange occurred at the end of the hearing:

> The [c]ourt:    Okay. So all you're asking now is to take perc tests along here?
>
> [Counsel for Mr. Polack]:    Yeah.
>
> The [c]ourt:    Do it.
>
> [Counsel for Mr. Polack]:    Thank you.
>
> [Counsel for Mr. Hooff]:    Your Honor, if you could just note my objection, please.
>
> The [c]ourt:    Well, prepare the order and note his objection, of course.

Counsel for Mr. Polack then represented to the court that "we currently have until the 15th of December where they were calling off the dog, so to speak, with regard to the water. The person that lives in this house is getting married that next weekend." Counsel went on to propose "that we keep the water on until such time that it can reasonably be expected to solve it," to which the court responded, "Yeah."

Mr. Polack filed a proposed order on December 12, 2022, reflecting the court's rulings during the November 21 hearing. That same day, Mr. Hooff notified the court of his intent to seek extraordinary relief from this Court, objected to the order proposed by Mr. Polack because it lacked findings of fact and conclusions of law, and asked the court to enter an order that complied with the requirements set out *State ex rel. Allstate Ins. Co. v. Gaughan*.[7] Regardless, the court entered

---

[7] *See* Syl. Pt. 6, *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 508 S.E.2d 75 (1998) ("A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is

Mr. Polack's proposed order on January 19, 2023. Mr. Hooff moved the court to reconsider that order and suspend proceedings pending resolution of his petition for a writ of prohibition from this Court. On January 24, 2023, the court entered an amended order nearly identical to the January 19 order and denied the motion to suspend proceedings. Mr. Hooff then petitioned this Court for a writ of prohibition on January 26, 2023. Later, on February 16, 2023, this Court granted Mr. Hooff's motion to stay execution of the January 24 order.

Mr. Hooff petitions this Court for relief in prohibition. This Court's standard for granting relief in prohibition "for cases not involving an absence of jurisdiction" is well-established.[8] We grant that extraordinary relief only after considering these five factors:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[9]

Mr. Hooff posits that the circuit court exceeded its legitimate authority and clearly erred in two ways. He contends that the circuit court should not have ordered Mr. Hooff to permit Mr. Polack and the Peace Estate (or their agents) to enter Mr. Hooff's property to conduct percolation testing, there, without "conduct[ing] appropriate evidentiary proceedings with the appropriate burden of proof and finder of fact . . . ." Mr. Hooff also argues that the circuit court lacked jurisdiction to enjoin disconnection of water service to the residences on Mr. Polack's property.

Mr. Polack responds that the January 24, 2023 order serves the interest of judicial efficiency because "[i]f the land subject to Respondents' easement over [the Hooff] property will not support a modern septic system . . . these facts should be known before any further litigation

---

being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders.").

[8] Syl. Pt. 4, in part, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

[9] *Id.*

regarding the easement is completed."[10]  On Mr. Hooff's second point, Mr. Polack responds that the circuit court did not overstep its authority vis à vis enforcement of public health laws because the court "did not overturn the Health Department's [o]rder.  Instead, it ordered the Health Department to *temporarily* 'not interrupt or otherwise disconnect the water service' to [Mr. Polack's] house, pending the resolution of the litigation."[11]

The January 24, 2023 order does not identify under which rule or rules of the West Virginia Rules of Civil Procedure the court proceeded.  We elect to treat the order as one granting preliminary, injunctive relief considering that the motion for a "preliminary injunction permitting testing and access" remained pending in January 2023 and the order issued following a hearing requested by counsel for Mr. Polack to address "the injunctive relief issues."

This Court has held that:

> The granting or refusal of an injunction, whether mandatory or preventive, calls for the exercise of sound judicial discretion, in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award or denial of the writ.[12]

When weighing the comparative hardship to the parties, the court

> "must consider, in 'flexible interplay,' the following four factors in determining whether to issue a preliminary injunction: (1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest."[13]

---

[10] In briefing and at oral argument, counsel for Mr. Polack suggested that any infirmity in the court's order was innocuous considering the procedure set forth in West Virginia Rule of Civil Procedure 34(a), which provides for discovery requests "to permit entry upon the designated land . . . in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property . . . within the scope of Rule 26(b)."  Counsel's invocation of Rule 34 is not persuasive, though; at oral argument, counsel conceded that Mr. Hooff had not been served with a Rule 34 request to inspect his property.

[11] Emphasis in original.

[12] Syl. Pt. 4, *State ex rel. Donley v. Baker*, 112 W. Va. 263, 164 S.E. 154 (1932).

[13] *Jefferson Cty. Bd. of Educ. v. Jefferson Cty. Educ. Ass'n*, 183 W. Va. 15, 24, 393 S.E.2d 653, 662 (1990) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,* 756 F.2d 1048, 1054 (4th Cir. 1985) (citation omitted)).

Cast in terms of a preliminary injunction, Mr. Hooff's first argument is that the court exceeded its legitimate authority and clearly erred as a matter of law when it ordered injunctive relief without considering that third factor; that is, without requiring Mr. Polack or the Peace Estate to establish the likelihood of their success on the merits of their claim to an implied easement by necessity. To establish an implied easement by necessity, the claimant must prove, by clear and convincing evidence,[14]

> four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement.[15]

Here, the court ordered Mr. Hooff to permit Mr. Polack and the Peace Estate "to investigate the suitability of [a certain] area" on the Hooff property "for installation of the drainage field for the septic systems." While Mr. Polack views that investigation as a practicality supportive of judicial efficiency, entry to Mr. Hooff's property, testing of Mr. Hooff's property, and installation of a waste disposal system, there, are clearly the salient features of the claimed implied easement. In fact, as part of that claim, Mr. Polack and the Peace Estate expressly sought "a temporary injunction halting interference and permitting access [to the Hooff property] for testing (percolation) and surveying necessary for upgrades on the system."

So, before granting the preliminary, injunctive relief at issue, the circuit court was bound to consider the likelihood of success on the merits of the implied easement claim. But the court did not do that—in fact, it repeatedly refused to do so. Further, the court did not weigh the likelihood of irreparable harm to Mr. Polack and the Peace Estate without injunctive relief against the likelihood of irreparable harm to Mr. Hooff with the injunction, or whether the requested injunction serves the public's interest. In short, the circuit court granted injunctive relief without requiring Mr. Polack or the Peace Estate to satisfy the applicable procedural and substantive requirements. For those reasons, the order of January 24, 2023 is clearly erroneous as a matter of law.

Mr. Hooff also challenges the court's authority to delay the enforcement proceeding allegedly instituted by the Ohio County Health Department. We decline to address Mr. Hooff's argument, though, because it is obviated by a more fundamental defect. West Virginia Rule of Civil Procedure 65(d) provides that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . . . and upon those persons in active concern or participation with them . . . ." Plainly, the Ohio County Health Department, the City of Wheeling, and the Water Department of the City of Wheeling are not parties to this civil action. Mr. Polack concedes that "the Health Department unquestionably has jurisdiction over water inspection duties" and current sewer facilities do not comply with applicable health laws. Moreover, the cases cited by Mr. Polack to shore up issuance of a temporary injunction against the County and City entities do not

---

[14] *See* Syl. Pt. 2, Cobb v. Daugherty, 225 W. Va. 435, 693 S.E.2d 800 (2010).

[15] Syl. Pt. 4, in part, *id.*

6

involve injunctions.[16]  In view of these circumstances, we conclude that the November 11, 2022 and January 24, 2023 orders are ineffective as to the non-parties named there.

For these reasons, we grant the writ requested by Mr. Hooff prohibiting enforcement of the January 24, 2023 order of the Circuit Court of Ohio County.

Writ granted.

**ISSUED:** October 20, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[16] *See State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson*, 201 W. Va. 402, 413, 497 S.E.2d 755, 766 (1997) (circuit court properly refused to dismiss plaintiffs' fraud, antitrust, and consumer protection claims, inter alia, against telephone companies despite shared jurisdiction with the Public Service Commission); *Hedrick v. Grant Cty. Pub. Serv. Dist.*, 209 W. Va. 591, 597, 550 S.E.2d 381, 387 (2001) (reversing dismissal of appellant's civil suit; appellant could simultaneously pursue damages against public service district in circuit court and grieve district's refusal to extend a sewer line to appellant's property to the Public Service Commission).