# CHARLESTON.

ELIZABETH HOWERTON RUNYON v. HUGH G. MILLS *et als.*

Submitted April 20, 1920.     Decided May 4, 1920.

1.  WILLS—*Words from Which Intent Ascertainable Sufficient Though not Technical.*

    Technical words are not necessary in making testamentary disposition of property; any language which clearly indicates

the testator's intention to dispose of his property to certain persons, either named or ascertainable, is sufficient.  (p. 391).

2.  SAME—*Purpose of Construction is to Find Intent; "Necessary Implication" Means Probability of Intent so Strong Contrary Intentions Cannot be Imputed.*

'The purpose of construing wills is to arrive at the testator's intention, which must govern, unless it contravenes some principle of law, and when not expressed, such intention may be ascertained by necessary implication from the will considered in its entirety.  By necessary implication is meant a probability of intention so strong that an intention contrary to it cannot be imputed to the testator.  (p. 391).

3.  SAME—*"Children" Mean Immediate Offspring and Not Grandchildren.*

According to both its legal and ordinary acceptation the term "children" means immediate offspring, and by the use of that term to describe his beneficiaries a testator does not include his grandchildren, unless other provisions of his will make their inclusion necessary to give effect to the will.  (p. 192).

(LYNCH, JUDGE, absent).

Appeal from Circuit Court, Mercer County.

Suit for partition by Elizabeth Howerton Runyon and others against Hugh G. Mills and others.  Bill dismissed, and complainant Runyon appeals.

*Affirmed.*

*W. H. Malcolm* and *Grover C. Worrell,* for appellant.

*Sanders & Crockett, A. G. Fox* and *John R. Pendleton,* for appellees.

WILLIAMS, PRESIDENT:

Plaintiff claiming to be an heir-at-law of Robert Mills, deceased, brought this suit against his other heirs-at-law for a partition of the land belonging to his estate.  The court denied her relief and dismissed her bill and she has appealed.  Robert Mills was twice married and left children by each one of his wives. Plaintiff is the daughter of Adeline Thompson, a bastard child of Lydia Thompson, who afterwards become the second wife of Robert Mills, and she claims that her mother was legitimated, and became an heir of Robert Mills upon his marriage to Ade-

line's mother and his recognition of Adeline as his child, by virtue of section 6, ch. 78, Code W. Va. Lydia Thompson first married one Greene Sweeney and had two or three children by him, before she became the wife of Robert Mills. But Adeline was born before Lydia became the wife of said Sweeney, and there is some conflict in the testimony as to whether Adeline was actually the child of Robert Mills or of some one else, or whether he ever recognized her as his child before or after his marriage to her mother. However, in our view of the case, it is not necessary to consider this question, depending as it does upon conflicting testimony, for the reason presently to be stated. Plaintiff claims as a grandchild of Robert Mills, deceased, and states in her testimony that her mother married Anderson Mills, a distant relative of Robert Mills, and died the year the Civil War closed, years before the death of Robert Mills, and when plaintiff was a small child. She says she was then taken in the home of Robert Mills and raised by him. Robert Mills died in the year 1870, leaving a will in the following language, and which was probated on the 30th of March, 1871:

"Be it remembered that I, Robert Mills, of the County of Wyoming and State of West Virginia, being weak in body but sound in mind and perfect memory blessed be almighty God for the same do make this my last will and testament in manner and form following that is to say, first I will and declare that my son Hugh G. Mills be made an equal heir with my last wife's children, and also to Milley E. McKinney, my oldest daughter I bequeath one dollar and to Emily McKinney, my second daughter I bequeath one dollar and to Marilla Mills my third daughter I bequeath one dollar and to ToTbiths J. Mills I bequeath one dollar and I also hereby appoint William T. Sarver, Benjamin Mills, Aiden Thompson and John Howerton, Esq., executors of this my last will and testament hereby revoking all former wills by be made, in witness whereof I have hereunto set my hand & seal this the 11th day of December, 1869.

his

ROBERT X MILLS.

mark.

The will, properly interpreted, disposes of the testator's property to Hugh G. Mills and the testator's children by his last wife, to the exclusion of plaintiff, a grandchild, whose mother, even if she was made testator's legitimate child, was dead before the will was made. The purpose in construing wills is to determine the intention of the testator, which must be given effect if its provisions are not in conflict with positive rules of law, and many rules are laid down to aid the courts in ascertaining such intenton, one of which is that there always exists a presumption against intestacy in respect to any part of testator's estate, and another is that the instrument must be read as a whole and all its parts considered and harmonized, if possible. Here the testator does not describe the estate given, nor expressly say that he bequeaths, devises or wills his property to any named person or persons. But he expressly designates the paper his last will and testament, and makes Hugh G. Mills an equal heir with his last wife's children, and then bequeaths $1.00 each to certain of his children, who, together with Hugh G. Mills, are proven to be his children by his first wife. The testator has here clearly shown, by necessary implication, his intention to give all of his property to his children by his last wife, as a class, to which class he adds Hugh G. Mills, a child by his first wife, and make him an equal participant with them in his bounty. Otherwise the will has no other effect than to bequeath one dollar to each of certain ones of his children by his first wife. By the term "necessary implication", as applied in construction of wills, is meant, as defined by Lord Mansfield and cited by Lord Loughborough in *Lytton* v. *Lytton,* 4 Bro. C. C. 460, "that implication which arises upon the words the testator has made use of, that clearly satisfies the court what was his meaning; and that, as put in opposition to a conjecture." It does not admit of mere conjecture, but the implication must be so strong a possibility of intention that a contrary intention of the testator cannot be supposed. The implication, however, need not be absolutely irresistible, but need only be such as satisfies the mind of the court of the intention of the testator. 40 Cyc. p. 1391; *Connor* v. *Gardner,* 230 Ill. 258, 15 L. R. A. (N. S.) 73 and note; and *Boisseau et als.* v. *Aldridges,* 5 Leigh 222; *Gra-*

*ham* v. *Graham,* 23 W. Va. 36; *Bartlett* v. *Patton,* 33 W. Va. 71; Page on Wills, sec. 468.

Applying the foregoing principles there is no doubt of Robert Mills' intention to dispose of all of his property to the children of his last wife and to Hugh G. Mills, a son by his first wife, giving to each an equal portion. He could have meant nothing else by declaring that Hugh G. Mills be made an equal heir with his last wife's children, and by mentioning Hugh G. Mills as the only other person to share with the class of persons designated to take his property, he necessarily meant to exclude all others.

By the term "children" testator meant his immediate offspring by his last wife, which did not include his grandchildren. The term children, both in its legal and in its ordinary and popular sense, means the immediate offspring and does not include grandchildren or persons other than immediate descendants, in the absence of something showing a contrary intention, and there is no provision or language in the will to indicate an intention to include his grandchildren. 13 Ency. Dig. Va. & W. Va. Rep., p. 805; 2 Jarman on Wills (6th ed.) p. 1656; Schouler on Wills, p. 253. A gift to a testator's children means those children living at his death, unless there is some other expression used in the will which shows the contrary intention. *Stone* v. *Nicholson,* 27 Gratt. 1. So that, whether plaintiff's mother, Adeline, was made a legitimate child of the testator by her mother's subsequent marriage to him becomes immaterial. Plaintiff's mother having died before the death of the testator, and plaintiff herself, not being included in the class of beneficiaries named in the will, was not in a position to maintain this suit, and her bill was, therefore, properly dismissed. The decree is affirmed.

*Affirmed.*