IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0757

_____

FILED

June 2, 2023

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SHERREE D. MARTIN, EXECUTOR OF THE ESTATE OF
SHIRLEY A. MARTIN, TRUSTEE OF THE SHIRLEY A.
MARTIN TRUST, and TRUSTEE OF THE CARL J. MARTIN, Sr. TRUST,
Petitioner,

v.

WILLIAM A. MARTIN, SHERREE D. MARTIN, CARL J. MARTIN, II,
TERESA A. MARTIN PIKE, CARL ROBERT MARTIN, PATRICK STEPHEN
MARTIN, CARLI JO MARTIN, JEFFREY TODD EDGELL, MARTINA
ELIZABETH ANN EDGELL, JASMINE PIKE, and SOPHIA PIKE, interested
parties to the ESTATE OF SHIRLEY A. MARTIN, THE SHIRLEY A. MARTIN
TRUST, and THE CARL J. MARTIN, Sr. TRUST,
Respondents.

---

Appeal from the Circuit Court of Upshur County
The Honorable David H. Wilmoth, Judge
Civil Action No. 20-P-21

REVERSED AND REMANDED

---

AND

_____

No. 22-0417
_____


CARL J. MARTIN, II, TERESA A. MARTIN-PIKE, PATRICK STEPHEN
MARTIN, CARL ROBERT MARTIN, CARLI JO MARTIN, JASMINE PIKE,
and SOPHIA PIKE,
Petitioners,

v.

SHERREE D. MARTIN,
Respondent.

Appeal from the Circuit Court of Upshur County
The Honorable David H. Wilmoth, Judge
Civil Action No. 20-P-21

AFFIRMED


Submitted: April 18, 2023
Filed: June 2, 2023


Roy H. Cunningham, Esq.
Andrew W. Holbrook, Esq.
LEWIS GLASSER PLLC
Charleston, West Virginia
Counsel for Sherree D. Martin,
former Executor of the Estate of
Shirley A. Martin, Trustee of the
Shirley A. Martin Trust, and
Trustee of the Carl J. Martin, Sr. Trust.

William J. O'Brien, Esq.
Stephenee R. Gandee, Esq.
STEPTOE & JOHNSON PLLC
Bridgeport, West Virginia
Counsel for Carl J. Martin, II

Thomas A. Vorbach, Esq.
STEPTOE & JOHNSON PLLC
Morgantown, West Virginia
Counsel for Carl J. Martin, II

Robert C. Chenoweth, Esq.
Jeffrey S. Zurbuch, Esq.
BUSCH, ZURBUCH & THOMPSON, PLLC
Elkins, West Virginia
Counsel for Teresa Martin-Pike

R. Mike Mullens, Esq.
R. MIKE MULLENS & ASSOCIATES, L.C.
Elkins, West Virginia
Guardian Ad Litem for Jasmine Pike
and Sophia Pike

Steven B. Nanners, Esq.
NANNERS LAW OFFICE, PLLC
Buckhannon, West Virginia
Counsel for Carl Robert Martin,
Patrick Stephen Martin, and Carli Jo Martin

John F. Hussell, IV, Esq.
WOOTON, DAVIS, HUSSELL & JOHNSON, PLLC
Charleston, West Virginia
Counsel for Sherree D. Martin

Christopher J. Winton, Esq.
RAY, WINTON & KELLEY, PLLC
Charleston, West Virginia
Counsel for Citizens Bank of West Virginia

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE BUNN, deeming herself disqualified, did not participate in this decision.

JUDGE CHARLES O. LORENSEN sitting by temporary assignment.

JUSTICE WOOTON, deeming himself disqualified, did not participate in this decision.

JUDGE MICHAEL D. LORENSEN sitting by temporary assignment.

SYLLABUS BY THE COURT

1.      "In reviewing the exceptions to the findings of fact and conclusions of law supporting the granting of a temporary or preliminary injunction, we will apply a three-pronged deferential standard of review. We review the final order granting the temporary injunction and the ultimate disposition under an abuse of discretion standard, *West v. National Mines Corp.*, 168 W. Va. 578, 590, 285 S.E.2d 670, 678 (1981), we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law de novo. Syllabus Point 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)." Syllabus Point 1, *State of West Virginia, By and Through McGraw v. Imperial Marketing*, 196 W. Va. 346, 472 S.E.2d 792 (1996).

2.      "A circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

3.      "The granting or refusal of an injunction, whether mandatory or preventive, calls for the exercise of sound judicial discretion, in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award or denial of the writ." Syllabus Point 4, *State ex rel. Donley v. Baker*, 112 W. Va. 263, 164 S.E. 154 (1932).

ARMSTEAD, Justice:

This matter involves consolidated appeals from the Circuit Court of Upshur County relating to the administration of the estate of Shirley A. Martin, ("Shirley Martin Estate"), and of the trusts established by Carl J. Martin, Sr. ("Carl Martin Trust") and Shirley A. Martin ("Shirley Martin Trust").  The parties include heirs of the Shirley Martin Estate and beneficiaries of the Shirley Martin Trust and the Carl Martin Trust.  In the orders that are the subject of the present appeal, the circuit court granted a preliminary injunction removing Sherree D. Martin from her fiduciary roles as Executor of the Shirley Martin Estate and as Trustee of the Shirley Martin Trust and the Carl Martin Trust.  In addition, the circuit court granted a motion for partial summary judgment in favor of Sherree D. Martin approving the payment of certain federal estate taxes from the Carl Martin Trust.

Upon careful review of the briefs of the parties, the appendix record, the arguments before this Court, and applicable legal authority, we disagree with the circuit court's conclusion in Case No. 21-0757 that a preliminary injunction was warranted and that Sherree D. Martin should have been removed from her former fiduciary roles.  We agree with the circuit court's conclusion in Case No. 22-0417 regarding the payment of federal estate taxes.  Accordingly, we reverse and remand the order of the circuit court in Case No. 21-0757, and we affirm the circuit court in Case No. 22-0417.

## I.  FACTS AND PROCEDURAL HISTORY

1

Carl J. Martin, Sr. passed away on August 9, 1996. He was survived by his wife, Shirley A. Martin, and his children: Sherree D. Martin, Teresa A. Martin Pike, Carl J. Martin, II, and William A. Martin. Pursuant to the Last Will and Testament of Carl J. Martin, Sr., he established the Carl Martin Trust for the benefit of his surviving spouse, Shirley A. Martin.[1] Upon the death of Shirley A. Martin, the assets of the Carl Martin Trust were to be divided into equal shares for Sherree D. Martin, Teresa A. Martin Pike, and Carl J. Martin, II.[2] Shirley A. Martin served as the Executrix of Carl J. Martin Sr.'s estate and as Trustee of the Carl Martin Trust until she resigned on October 3, 2016.[3] Following Shirley A. Martin's resignation and by consent of all the beneficiaries, her daughter, Sherree D. Martin, was appointed as successor Trustee of the Carl Martin Trust.

Almost three (3) years later, on August 11, 2019, Shirley A. Martin died testate. The Last Will and Testament of Shirley A. Martin nominated Sherree D. Martin

---

[1]    The Last Will and Testament of Carl J. Martin, Sr. established two trusts designated as Trust A and Trust B. The Marital Trust that is referred to in this opinion as the Carl Martin Trust has also been referred to, among things, as "Trust A," and the "Carl J. Martin Testamentary Trust."

[2]    On August 28, 1996, William A. Martin executed a Disclaimer in which he "irrevocably disclaim[ed]" any and all interest to which he may be entitled under the Last Will and Testament of Carl J. Martin, Sr. and the Trusts established by Carl J. Martin, Sr.

[3]    Carl J. Martin, Sr.'s Last Will and Testament originally appointed the Adrian Buckhannon Bank of Buckhannon, West Virginia, as Trustee, but the bank declined to serve as trustee. His Last Will and Testament also provided for the appointment of a successor Trustee, and Shirley A. Martin was appointed successor Trustee pursuant to such provision.

as "Executrix."[4] Shirley A. Martin's Last Will and Testament was admitted to probate and Sherree D. Martin was appointed as Executor of the Shirley Martin Estate. In addition to serving as the Executor of the Shirley Martin Estate, Sherree D. Martin also served as Trustee of the Shirley Martin Trust, which was established on or about November 24, 1997.[5]

Less than one year after Shirley A. Martin's death, on or about May 4, 2020, Sherree D. Martin, in her fiduciary roles as Executor of the Shirley Martin Estate, Trustee of the Shirley Martin Trust and Trustee of the Carl Martin Trust, filed a Petition for Declaratory Judgment in the Circuit Court of Upshur County.[6] Sherree D. Martin sought

---

[4] The Last Will and Testament of Shirley A. Martin nominated and appointed Sherree D. Martin as Executrix. In her Petition for Declaratory Judgment, Sherree D. Martin referred to herself as the Executor of the Estate of Shirley A. Martin. In the proceedings before the circuit court, she was referred to as both the Executrix and the Executor. For ease of reference and consistency, we refer to her as the Executor of the Shirley Martin Estate.

[5] The Shirley Martin Trust was amended four (4) times. The amendments occurred in 2003, 2005, 2010, and 2016.

[6] The Petition for Declaratory Judgment was filed pursuant to West Virginia Code § 55-13-4(c), which provides as follows:

> Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic or insolvent, may have a declaration of rights or legal relations in respect thereto:
> …
> (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

3

declaratory judgment with respect to the following three issues: (1) the construction and meaning of Article III of Shirley Martin's will, which directed Sherree D. Martin as the Executor to "sell [Shirley A. Martin's] residence property;" (2) a determination as to what Shirley A. Martin meant to convey to Sherree D. Martin with respect to property located on Route 20 in Buckhannon, West Virginia, in the 2016 Amendment and Restatement of the Shirley Martin Trust; and (3) a determination that properties devised under the 2016 Amendment and Restatement of the Shirley Martin Trust be "divided in accordance to their appraised fair market value as finally determined for estate tax purposes or by some other more equitable means" rather than drawing lots and further, that a right of first refusal be stricken.

On or about June 29, 2020, Carl J. Martin, II, filed an answer to the Petition for Declaratory Judgment, and in addition, filed a counterclaim against Sherree D. Martin in her fiduciary roles alleging that she had breached her fiduciary duties as: (1) Executor of the Shirley Martin Estate; (2) Trustee of the Shirley Martin Trust; and (3) Trustee of the Carl Martin Trust. Specifically, Carl J. Martin, II, alleged that Sherree D. Martin, in her fiduciary roles, "instituted the [Petition for Declaratory Judgment] in order to seek a personal benefit to herself through her use of the position of Execut[or]/Trustee." Further, with respect to her role as Trustee of the Carl Martin Trust, he alleged that Sherree D. Martin created a cloud on the record title of certain properties by recording a 2000 Deed in 2020.

4

On November 9, 2020, Carl J. Martin, II, filed a motion for preliminary injunction seeking to have Sherree D. Martin removed as Executor of the Shirley Martin Estate as well as the Trustee of the Shirley Martin Trust and the Carl Martin Trust. With respect to the Shirley Martin Estate, Carl J. Martin, II, argued that Sherree D. Martin ignored detailed directions in their mother's will and instead, "worked to fabricate a pretext in self-serving litigation." With respect to Shirley Martin's Trust, he argued that the mere filing of the Petition for Declaratory Judgment violated "the clear terms of the Shirley [] Martin Trust" because the first thing that Sherree D. Martin was supposed to do as Trustee of the Shirley Martin Trust was to "draw lots" and convey property with a right of first refusal. Instead, she sought to have the circuit court determine that the properties "be divided in accordance to their appraised fair market value as finally determined for estate tax purposes or by some other more equitable means and that the provisions requiring that [Sherree D. Martin] and [Carl J. Martin, II] provide each other with a right of first refusal on the properties be stricken." With respect to the Carl Martin Trust, Carl J. Martin, II argued that Sherree D. Martin placed a cloud on title to property and attempted to extinguish a debt she owed to the Carl Martin Trust in violation of her fiduciary duties in relation to the Carl Martin Trust.

Sherree D. Martin responded to Carl J. Martin, II's, motion for preliminary injunction by acknowledging that she filed a Petition for Declaratory Judgment seeking declaratory judgment but argued that the mere fact she filed such Petition for Declaratory Judgment was not a breach of any of her fiduciary duties. Further, she argued that because

5

Carl J. Martin, II, failed to show that he suffered irreparable harm or that his claims would likely succeed on the merits, he failed to meet the standard for the issuance of a preliminary injunction.

On December 23, 2020, a hearing on Carl J. Martin, II's, motion for preliminary injunction was held before the Honorable David H. Wilmoth in Randolph County, West Virginia.[7] After hearing arguments of counsel, and without taking testimony or receiving other evidence, the circuit court granted the motion for preliminary injunction and removed Sherree D. Martin from her fiduciary roles as Executor of the Shirley Martin Estate, as Trustee of the Shirley Martin Trust, and as Trustee of the Carl Martin Trust. The order from this hearing was entered in July 2021. Thereafter, Sherree D. Martin filed a motion to alter or amend this judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. At a hearing on August 5, 2021,[8] the circuit court denied the motion to alter or amend the judgment, and the order from this hearing was entered on or about

---

[7]    Judge Wilmoth was appointed to this case after the two Upshur County circuit court judges recused themselves. The hearing was held in Randolph County instead of Upshur County by agreement of the parties.

[8]    Other issues were taken up at the August 5, 2021 hearing, but they are not relevant to the present appeal.

August 24, 2021.[9]  On or about September 22, 2021, Sherree D. Martin, in her fiduciary roles, appealed the August 24, 2021 Order.

Following the removal of Sherree D. Martin from her fiduciary roles, Citizens Bank of West Virginia ("Citizens Bank") assumed the fiduciary roles previously held by Sherree D. Martin.  Before she was removed from her fiduciary roles, Sherree D. Martin, as the Executor of the Shirley Martin Estate, paid the U.S. Treasury $3,089,693.08 in estimated federal estate taxes, a portion of which payment ($2,557,908.78) was paid via a reimbursement from the Carl Martin Trust.[10]  Citizens Bank questioned whether the Shirley Martin Estate was entitled to reimbursement from the Carl Martin Trust for federal estate tax due as a result of the inclusion of the Carl Martin Trust in the gross Shirley Martin Estate.  In March, 2022, Citizens Bank filed a motion for summary judgment relating to apportionment of the federal estate tax between the Shirley Martin Estate and other parties. Citizens Bank indicated that it sought "instructions and guidance" from the circuit court as to "whether federal estate tax payable as a result of the death of Shirley Martin is payable solely from [Shirley Martin's] residuum (from Estate and Revocable Trust) or is payable in proportion by persons interested in the estate who receive property."

---

[9]     Following the denial of this motion, Sherree D. Martin filed a motion for stay pending appeal pursuant to Rule 62(i) of the West Virginia Rules of Civil Procedure.  This motion for stay was also denied.

[10]     This payment was made on or about May 8, 2020.

7

Thereafter, Sherree D. Martin filed a motion for partial summary judgment on this issue, and she maintained that the manner in which she paid the estimated federal estate tax in 2020 was proper. She argued, among other things, that 26 U.S.C.A. § 2207A (hereinafter "I.R.C. § 2207A"), requires that the assets of the Martin Trust be used to pay a portion of the federal estate tax due following the death of Shirley A. Martin. Carl J. Martin, II, Teresa A. Martin Pike, Patrick Stephen Martin, Carl Robert Martin, Carli Jo Martin, Jasmine Pike, and Sophia Pike opposed Sherree D. Martin's motion for partial summary judgment, and in support of their position, they argued that the unambiguous language in the Last Will and Testament of Shirley A. Martin waived any right of recovery that may have existed against the Carl Martin Trust.

At a hearing held on April 7, 2022, the circuit court heard arguments regarding the proper source of payment of the federal estate taxes due as a result of the death of Shirley A. Martin. By order entered on April 28, 2022, the circuit court granted Sherree D. Martin's motion for partial summary judgment and ruled that the Shirley Martin Estate is entitled to reimbursement from the Carl Martin Trust for federal estate taxes due as a result of the inclusion of the Carl Martin Trust in the gross Shirley Martin Estate. Carl J. Martin, II, Teresa A. Martin-Pike, Patrick Stephen Martin, Carl Robert Martin, Carli Jo Martin, Jasmine Pike, and Sophia Pike appeal this decision of the circuit court.

Before us now are two consolidated appeals. In Case No. 21-0757, Sherree D. Martin, as the former Executor of the Shirley Martin Estate, and as former Trustee of

8

the Shirley Martin Trust and the Carl Martin Trust, appeals the circuit court's order denying her Rule 59(e) motion to alter or amend its judgment so that she could remain in her fiduciary roles as Executor of the Shirley Martin Estate, Trustee of the Shirley Martin Trust, and Trustee of the Carl Martin Trust. In Case No. 22-0417, Carl J. Martin, II, Teresa A. Martin-Pike, Patrick Stephen Martin, Carl Robert Martin, Carli Jo Martin, Jasmine Pike, and Sophia Pike appeal the April 28, 2022 order of the circuit court granting partial summary judgment to Sherree D. Martin on the issue of federal estate taxes.

## II. STANDARD OF REVIEW

In reviewing the exceptions to the findings of fact and conclusions of law supporting the granting of a temporary or preliminary injunction, we will apply a three-pronged deferential standard of review. We review the final order granting the temporary injunction and the ultimate disposition under an abuse of discretion standard, *West v. National Mines Corp.*, 168 W. Va. 578, 590, 285 S.E.2d 670, 678 (1981), we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law de novo. Syllabus Point 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996).

Syl. Pt. 1, *State of West Virginia, By and Through McGraw v. Imperial Marketing*, 196 W. Va. 346, 472 S.E.2d 792 (1996).

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

## III. DISCUSSION

A. CASE No. 21-0757

9

Sherree D. Martin was removed from her fiduciary roles after she filed a Petition for Declaratory Judgment in the Circuit Court of Upshur County. According to Sherree D. Martin, she filed the Petition for Declaratory Judgment to ask the circuit court to address certain terms contained in the Last Will and Testament of Shirley A. Martin, the Shirley Martin Trust, and the Carl Martin Trust. The three counts for which Sherree D. Martin sought declaratory judgment are as follows.

*Count 1: The meaning of "my residence property" under the Last Will and Testament of Shirley A. Martin.*

In Count 1 of her Petition for Declaratory Judgment, Sherree D. Martin sought a declaration as to the meaning of the phrase "my residence property" as contained in Shirley A. Martin's will.[11] Article III, Paragraph 3 of the Last Will and Testament of Shirley A. Martin provides as follows:

> I direct that my Execut[or] sell **my residence property** located in Upshur County, West Virginia along with a nonexclusive right of way over and across the property devised to my son Carl J. Martin II heretofore, as soon after my death as is practical. My Execut[or] shall have authority to execute deeds and contracts necessary to convey said real estate and all necessary rights of way hereto. My Execut[or] shall first offer my residence property to my children at the value includable in my estate. If none of my children elect to purchase my residence property within nine months of the date of my death, my Execut[or] may sell my residence property to a non-family member. (Emphasis added).

---

[11] Petition for Declaratory Judgment at ¶52.

10

While at the time of her death, Shirley A. Martin's home was located on one parcel of land, there were also five contiguous parcels at issue that were purchased at various times. The Last Will and Testament of Shirley A. Martin did not define or indicate what was meant by "my residence property." In her Petition for Declaratory Judgment, Sherree D. Martin, asked the circuit court to determine what her mother meant by "my residence property," *i.e.,* did her mother mean the one parcel of land upon which her home was located or the one parcel of land where her home was located and the five other parcels of land contiguous to it. While Sherree D. Martin maintained that it was a reasonable interpretation of the phrase "my residence property" that such phrase included the contiguous property, the respondents cited the fact that Shirley A. Martin maintained a Homestead Exemption from West Virginia real property tax only on the single parcel on which the home was located.

### Count 2: Route 20 Property

In Count 2 of her Petition for Declaratory Judgment, Sherree D. Martin sought guidance regarding her mother's intent relating to a parcel of real property located on Route 20 in Upshur County that was previously conveyed to Sherree D. Martin. The Route 20 Property at issue in this count was sold to Sherree D. Martin in 2013, and a lien was perfected against the property in favor of the Carl Martin Trust in the sum of $920,000.00. Despite the sale of this property to Sherree D. Martin in 2013, Shirley A.

Martin revised the Shirley Martin Trust in 2016 to devise the Route 20 Property to Sherree D. Martin upon the death of Shirley A. Martin.[12]

In her Petition for Declaratory Judgment, Sherree D. Martin alleged that her mother intended to convey some benefit to her in the 2016 Amendment to the Shirley Martin Trust and alleged that her mother intended to exonerate the indebtedness on the Route 20 Property. With respect to Count 2 of her Petition for Declaratory Judgment, Sherree D. Martin asked that circuit court to "make a determination as to what Shirley meant to convey to Sherree" in the 2016 Amendment.[13]

*Count 3: Drawing Lots and Right of First Refusal*

In Count 3 of her Petition for Declaratory Judgment, Sherree D. Martin sought a revision of certain provisions of the 2016 Amendment to the Shirley Martin Trust relating to the conveyance of certain real property to the heirs of Shirley A. Martin by drawing lots. The 2016 Amendment to the Shirley Martin's Trust provides, in relevant part:

> [t]he Trustee shall arrange for Carl J. Martin II and Sherree D. Martin to draw lots for all the rest of [Shirley A. Martin's] real property. After the property is divided, the Trustee shall convey said property to each by general warranty deed which deed shall retain the provision that for and during the lifetime

---

[12]     In the 2016 Amendment to the Shirley Martin Trust, Shirley A. Martin devised "all of [her] property located on Route 20 on the northside of Buckhannon, West Virginia." *See* First Amendment to the Amendment and Restatement of the Shirley A. Martin Trust Dated the 6th Day of May, 2010 at Article VI, Paragraph 1(g).

[13]     Petition for Declaratory Judgment at ¶61.

12

of Sherree D. Martin and Carl J. Martin II if either desires to sell any of said real property, he or she must first offer the property to the other at appraised value determined by a certified real estate appraiser.

In Count 3 of her Petition for Declaratory Judgment, Sherree D. Martin alleged that drawing lots for the properties may produce an inequitable result, and further alleged that the right of first refusal "could impair either party from selling the properties that they receive to a third-party purchaser."[14] She requested that the properties be divided "in accordance to their appraised fair market value as finally determined for estate tax purposes or by some other more equitable means" and that the "right of first refusal be stricken."[15]

Carl J. Martin, II, filed an answer to the Petition for Declaratory Judgment and asserted a counterclaim against Sherree D. Martin in her fiduciary roles. Carl J. Martin, II, also filed a motion for preliminary injunction seeking to have Sherree D. Martin removed from her fiduciary roles, alleging, among other things, that by filing the Petition for Declaratory Judgment, Sherree D. Martin breached her fiduciary duties as Executor and Trustee. On December 23, 2020, a hearing was held on the motion for a preliminary injunction. At the hearing, the circuit court granted a preliminary injunction and removed Sherree D. Martin from her fiduciary roles as Executor of the Shirley Martin Estate and as Trustee of the Shirley Martin Trust and The Carl Martin Trust. Sherree D. Martin moved

---

[14]     Petition for Declaratory Judgment at ¶¶65 and 66.

[15]     *Id*. at ¶67.

13

to alter or amend the circuit court's order removing her from her fiduciary roles pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure, and this motion was denied. It is this denial of her Rule 59(e) motion that Sherree D. Martin appeals to this court in Case No. 21-0757.

Initially, we note that Sherree D. Martin filed the Petition for Declaratory Judgment pursuant to West Virginia Code § 55-13-4(c), which allows a party to file a declaratory judgment action in order "[t]o determine any question arising in the administration of [an] estate or trust, including questions of construction of wills and other writings." *Id.* Although Carl J. Martin, II, alleged that by filing such declaratory judgment action, Sherree D. Martin breached her fiduciary duties, we disagree. The mere filing of a declaratory judgment action in a case such as this does not automatically mean that the fiduciary has breached his or her fiduciary duties. Indeed, the applicable law under which Sherree D. Martin filed her petition expressly provides a fiduciary a means by which to seek judicial guidance in relation to the management and administration of estates.

With this fact in mind, we must now turn our attention to an analysis of the reasoning behind the circuit court's determination that, by her actions in this case, Sherree D. Martin breached her fiduciary duties, warranting her removal from her prior fiduciary roles. Because we are reviewing the findings of fact and conclusions of law made by of the circuit court in support of its decision to grant a preliminary injunction removing of Sherree D. Martin from her fiduciary roles, we are guided by the following standard:

14

[W]e will apply a three-pronged deferential standard of review. We review the final order granting the temporary injunction and the ultimate disposition under an abuse of discretion standard, *West v. National Mines Corp.*, 168 W. Va. 578, 590, 285 S.E.2d 670, 678 (1981), we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law de novo. Syllabus Point 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996).

Syl. Pt. 1, *State of West Virginia, By and Through McGraw v. Imperial Marketing*, 196 W. Va. 346, 472 S.E.2d 792 (1996). We are also mindful that:

[t]he granting or refusal of an injunction, whether mandatory or preventive, calls for the exercise of sound judicial discretion, in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award or denial of the writ.

Syl. Pt. 4, *State ex rel. Donley v. Baker*, 112 W. Va. 263, 164 S.E. 154 (1932).

The standard for the issuance of a preliminary injunction has been clearly defined by this Court, as we have previously held:

[t]he customary standard applied in West Virginia for issuing a preliminary injunction is that a party seeking the temporary relief must demonstrate by a clear showing of a reasonable likelihood of the presence of irreparable harm; the absence of any other appropriate remedy at law; and the necessity of a balancing hardship test including: "(1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest." *Jefferson County Bd. of Educ. v. Jefferson County Educ. Ass'n,* 183 W. Va. 15, 24, 393 S.E.2d 653, 662

15

(1990) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,* 756 F.2d 1048, 1054 (4th Cir. 1985))[.]

*State of West Virginia, By and Through McGraw v. Imperial Marketing*, 196 W. Va. 346, 352 n.8, 472 S.E.2d 792, 798 n.8 (1996).  In order to obtain a preliminary injunction, "a party *must* demonstrate the presence of irreparable harm."  *Jefferson County Bd. of Educ. v. Jefferson County Educ. Ass'n.*, 183 W. Va. 15, 24, 393 S.E.2d 653, 662 (1990) (emphasis added).

Because we find that the question regarding a showing of irreparable harm is dispositive in this case, we focus our attention on the question of whether a likelihood of irreparable harm to the heirs and beneficiaries of the Shirley Martin Estate, the Shirley Martin Trust and the Carl Martin Trust was demonstrated at the time Sherree D. Martin was removed from her fiduciary roles.  The circuit court discusses irreparable harm in the "Conclusions of Law" section of its Order, specifically concluding:

> 56. Respondent is entitled as a beneficiary to have the Estate and the Trusts administered with the utmost care and fidelity to the commensurate fiduciary duties as well as in the unbiased interest of all beneficiaries.

> 57. As set forth in detail above, Petitioner has not abided by her duties as Execut[or] or Trustee.

> 58. [Sherree D. Martin, in her fiduciary roles] has used her fiduciary positions to try to cancel or avoid express terms set forth by the testator and settlor related to offering for sale her residence property.

16

59. [Sherree D. Martin, in her fiduciary roles] has used her fiduciary position to create a cloud on the title of the Carl J. Martin Testamentary Trust A and "exonerate" the debt she owes of $920,000 arising from the transfer of property from the Trust, which is detrimental and would cause irreparable harm to the beneficiaries of the Trust.

60. [Sherree D. Martin, in her fiduciary roles] also has attempted to write-out provisions of the Shirley A. Martin Trust relating to the drawing of lots and right of first refusal, contrary to the testator's intent and contrary to the common law of testamentary freedom.

61. These actions and others undertaken by [Sherree D. Martin, in her fiduciary roles] are self-dealing and deprive the beneficiaries of their right to property and to be treated fairly and without bias in the administration of the Estate and Trusts.

62. For these reasons, Respondent has and will continue to suffer irreparable harm if injunctive relief is not granted.

It is clear that, "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004) (citation omitted). Here, there is simply insufficient evidence to support a finding of irreparable harm.

The heirs and beneficiaries of the estate and trusts at issue here may have feared that Sherree D. Martin, in her fiduciary roles, planned to administer her mother's estate and the trusts in a manner that was self-serving. However, we find that any such fears did not rise to the level of supporting a preliminary injunction and removing her from

17

her fiduciary roles. Indeed, rather than simply interpreting her mother's will and the documents governing the respective trusts of Shirley Martin and Carl Martin, and proceeding according to her own interpretations, Sherree D. Martin sought guidance from the circuit court through a petition for declaratory judgment. This course of action did not constitute a breach of her fiduciary duties, nor did it demonstrate irreparable harm to the heirs and beneficiaries, whose interests she, as a fiduciary, was bound to protect.

At the time she filed her Petition for Declaratory Judgment, Sherree D. Martin had preserved all of the parcels that may have been considered her mother's "residence property." She asked the circuit court to determine what her mother meant by "my residence property." She did not suggest the manner in which the circuit court should determine the meaning. With respect to the Route 20 Property, we find that Sherree D. Martin did not create a cloud on the title of the Carl Martin Trust by recording a deed dated July 31, 2000, in 2020 as the Shirley Martin Estate, the Shirley Martin Trust and the Carl Martin Trust had an interest in determining who actually owned the Route 20 Property. Indeed, it is possible that it may have been inconsistent with her fiduciary duty had she failed to record the deed.[16] Further, Sherree D. Martin's fellow heirs and beneficiaries expressed concern about the potential exoneration of a $920,000.00 debt. However,

---

[16] The 2000 deed that was recorded in 2020 purports to be between Shirley A. Martin as the Executrix of Carl Martin's estate, party of the first part, and Shirley A. Martin, party of the second part, and according to the Respondents, it "transfer[s] the same Route 20 Property previously conveyed by Carl Martin Trust and securing a debt owed by [Sherree D. Martin] to the Carl Martin Trust in the amount of $920,000, creating a cloud on the interests of the Carl Martin Trust." Brief of Respondents at p. 4.

18

Sherree D. Martin did not unilaterally forgive herself of that debt, and she did not explicitly ask the circuit court to do so. Instead, she asked the circuit court to determine the status of the Route 20 Property and the meaning of the 2016 Amendment to the Shirley Martin Trust documents.

Admittedly, Sherree D. Martin asked the circuit court to alter the 2016 Amendment to the Shirley Martin Trust by requesting that the circuit court determine that certain properties be divided in accordance with their fair market value or some other equitable means instead of drawing lots and that the right of first refusal be stricken. However, such modification would not necessarily have inured to the benefit of Sherree D. Martin. Had the original "drawing of lots" method outlined in the Shirley Martin Trust documents been followed, it is just as likely that she would have received the more valuable properties than to have been the recipient of the less valuable properties. In light of such fact, the modification she requested could have potentially worked to her detriment. Accordingly, we are not convinced that by seeking a declaration that the properties be divided "in accordance [with] their appraised fair market value," or other equitable means, Sherree D. Martin abused her fiduciary position. Indeed, a court "may relieve an executor from his duty to carry out the provisions of a [a] will if the best interest of the estate is served thereby." *Welsh v. Welsh*, 136 W. Va. 914, 926, 69 S.E.2d 34, 40 (1952) (citation omitted). We believe the circuit court erred in finding that, by seeking such a modification in this case, Sherree D. Martin breached her fiduciary duties.

19

For these reasons, the Respondents in this case failed to meet their burden to justify the issuance of a preliminary injunction, and accordingly, the circuit court abused its discretion by removing Sherree D. Martin from her fiduciary roles.[17]  Accordingly, the circuit court's order denying Petitioner's Rule 59(e) motion to alter or amend judgment is reversed, and this case is remanded with instructions to vacate the circuit court's July 2021 Order removing Sherree D. Martin from her fiduciary roles as Executor of the Shirley Martin Estate and as Trustee of the Shirley Martin Trust and the Carl Martin Trust and to reinstate Sherree D. Martin to her former fiduciary roles.

## B.    CASE No. 22-0417

Petitioners in Case No. 22-0417, Carl J. Martin, II, Teresa A. Martin Pike, Patrick Stephen Martin, Carl Robert Martin, Carli Jo Martin, Jasmine Pike, and Sophia Pike, appeal the April 28, 2022 order of the circuit court granting Sherree D. Martin's motion for partial summary judgment regarding payment of federal estate taxes upon the death of Shirley A. Martin.

After the death of Carl J. Martin, Sr., the United States Estate (and Generation-Skipping Transfer) Tax Return (Form 706) was filed on behalf of Mr. Martin's

---

[17]    Because we find that the Respondents in this case failed to establish irreparable harm, we need not address the remaining factors necessary for the issuance of a preliminary injunction.  Further, because we find that the circuit court erred in granting injunctive relief, we decline to address Sherree D. Martin's claim that the circuit court converted the motion for preliminary injunction into a motion for a permanent injunction and summary judgment.

estate. This document deducted, as a marital deduction under I.R.C. § 2056, the amounts passing to the Carl Martin Trust for the benefit of his surviving spouse, Shirley A. Martin. By doing so, no federal estate tax on such assets was paid upon the death of Carl J. Martin, Sr. As a result of electing the marital deduction, the assets of the Carl Martin Trust were included in the gross Shirley Martin Estate under I.R.C. § 2044. The Carl Martin Trust is a qualified terminable interest property trust (hereinafter "QTIP"). Following the death of Shirley A. Martin in 2019, Sherree D. Martin, in her former fiduciary role as Executor of the Shirley Martin Estate, paid the U.S. Treasury $3,089,693.08 in estimated federal estate tax. A portion of this amount, ($2,557,908.78), came from the Carl Martin Trust.

Petitioners argue that the circuit court erred in granting partial summary judgment in favor of Sherree D. Martin by not giving effect to the terms of the Last Will and Testament of Shirley A. Martin and by considering extrinsic evidence. The Last Will and Testament of Shirley A. Martin references estate taxes, and provides in Article II that "… all estate, gift, income, inheritance, transfer, and succession taxes, not including generation skipping taxes, assessed or accruing as a result of my death, including penalties and interest, if any be paid from the residue of my estate and not be apportioned." According to Petitioners in this case, the terms of the Last Will and Testament of Shirley A. Martin are unambiguous and "expressly shift the liability of estate taxes to the residuary estate and specifically waive[] any apportionment."

A taxable estate must pay the taxes on all property includable in that estate. I.R.C. § 2001. Petitioners acknowledge that the value of Shirley A. Martin's taxable estate

21

"shall include the property making up the [Carl Martin] Trust."[18] I.R.C. § 2207A(a) authorizes a decedent's estate to "to recover" federal estate tax paid in cases like the one at issue in the instant case. I.R.C. § 2207A(a)(1) provides as follows:

(1) In general.—If any part of the gross estate consists of property the value of which is includable in the gross estate by reason of Section 2044 (relating to certain property for which marital deduction was previously allowed), the decedent's estate shall be entitled to recover from the person receiving the property the amount by which –

(A) the total tax under this chapter which has been paid, exceeds

(B) the total tax under the chapter which would have been payable if the value of such property had not been included in the gross estate.

There is no dispute that the gross Shirley Martin Estate included the value of the Carl Martin Trust by reason of I.R.C. § 2044. Therefore, the Shirley Martin Estate is entitled to recover from the Carl Martin Trust the amount of federal estate tax attributable to the inclusion of the Carl Martin Trust. I.R.C. § 2207A(a)(1). Petitioners argue, however, that recovery is not "required" and may be waived pursuant to I.R.C. § 2207A(a)(2), which provides as follows: "(2) Decedent may otherwise direct.—Paragraph (1) shall not apply with respect to any property to the extent that the decedent in his will (or a revocable trust) specifically indicates an intent to waive any right of recovery under this subchapter with respect to such property."

---

[18] Brief of Petitioners Carl J. Martin, II, Teresa A. Martin Pike, Patrick Stephen Martin, Carl Robert Martin, Carli Jo Martin, Jasmine Pike, and Sophia Pike at p. 4.

22

In order for Shirley A. Martin to waive the right of recovery, she must have "specifically indicate[d] an intent to waive any right of recovery under this subchapter with respect to such property." *Id.* Petitioners maintain that the terms of the Last Will and Testament of Shirley A. Martin "expressly shift the liability of estate taxes to the residuary estate" and waive the right of recovery.[19] It is possible that this argument may have been persuasive prior to 1997, when subsection (a)(2) provided that the right of recovery did not apply if the decedent "otherwise directed by will." However, this subsection was amended by the Taxpayer Relief Act of 1997 to require a decedent to "specifically indicate[] an intent to waive any right of recovery under this subchapter."

The Last Will and Testament of Shirley A. Martin was executed in 2016, a date almost two decades after the enactment of the Taxpayer Relief Act of 1997. The issue before this Court is whether the circuit court erred in concluding that Shirley A. Martin's estate documentation "does not indicate an intent to waive any right of recovery under I.R.C. §2207A." To address this question, we need not look far for guidance. A congressional report from 1997 detailed the reasons for the change to the applicable federal tax law as follows:

> It is understood that persons utilizing standard testamentary language often inadvertently waive the right of recovery with respect to QTIP. Similarly, persons waiving a right to contribution are unlikely to refer to the code section granting the right. Accordingly, allowing the right of recovery (or right

---

[19] Brief of Petitioners Carl J. Martin, II, Teresa A. Martin Pike, Patrick Stephen Martin, Carl Robert Martin, Carli Jo Martin, Jasmine Pike, and Sophia Pike at p. 6.

23

of contribution) to be waived only by specific references should simplify the drafting of wills by better conforming with the testator's likely intent.

H.R. Rep. 105-148, at 614, 1997 U.S.C.C.A.N. 678, 1008 (Conf. Rep.). The report further provides examples of language that indicates that a decedent specifically desires to waive the right of recovery pursuant to I.R.C. § 2207A, stating that "the right of recovery with respect to QTIP is waived only to the extent that language in the decedent's will or revocable trust specifically so indicates (e.g., by a specific reference to QTIP, the QTIP trust, section 2044, or section 2207A). Thus, a general provision specifying that all taxes be paid by the estate is no longer sufficient to waive the right of recovery." *Id.*

In support of their argument that Shirley A. Martin waived her right of recovery, Petitioners rely upon *Eisenbach v. Schneider*, 166 P.3d 858 (Wash. 2007), in which the appellate court upheld a trial court's statement that:

> [t]o interpret Section 2207A to override the testators' intent because they failed to use magic words enacted after their testamentary documents had been drafted and signed would constitute a broad reach for a federal statute, especially where the federal government has nothing to gain from the interpretation.

*Id.* at 655. Petitioners urge this Court to adopt a similar approach and reject a "magic words" approach in the instant case. However, Petitioners' reliance on *Eisenbach* is misplaced. The *Eisenbach* case involved a joint trust indenture that was executed in 1979, well before the Taxpayer Relief Act of 1997, not a will that was executed almost twenty years after the Taxpayer Relief Act of 1997. Further, there is no evidence that Carl J.

24

Martin, Sr.. and Shirley A. Martin intended to establish a joint trust with language similar to that used in the *Eisenbach* case.

Other courts have addressed similar arguments and have declined to follow *Eisenbach*. In *In re Estate of Stark*, 2011 WL 3687421 (N.J. 2011), the Appellate Court of the Superior Court of New Jersey was not persuaded by the holding in *Eisenbach*, and concluded that "[b]ecause the presumption created by [I.R.C.] § 2207A is that the residuary beneficiaries of the QTIP trust, not the estate, will pay the tax, the majority view is that there must be a 'clear and unequivocal,' or 'clear and unambiguous,' intent expressed in a testamentary document to exonerate the QTIP residuary beneficiaries from reimbursing the excess estate taxes created by the inclusion of their interest in the QTIP trust." *Id.* at *6. Courts in Nebraska and Colorado have reached similar conclusions when addressing the interplay between state tax apportionment statutes and I.R.C. § 2207A. *See In the Matter of the Estate of Klarner*, 113 P.3d 150 (Col. 2005) (concluding, in part, that a decedent's estate could seek recovery of federal estate taxes from a QTIP trust); *Blauhorn v. Cockle (In re Ervin W. Blauhorn Revocable Trust),* 746 N.W.2d 136, 142 (Neb. 2008) (decedent's attempted waiver of any apportionment of estate taxes was not sufficient to waive the application of I.R.C. § 2207A because the trust contained "no language indicating an intent to waive any right of recovery," which is required by I.R.C. § 2207A.) We believe that the reasoning of these decisions is sound, and in order to waive the right of recovery contained in I.R.C. § 2207A, a decedent must specifically indicate an intent to waive any right of recovery under § 2207A(a)(1).

25

Petitioners also argue that "[t]echnical words are not necessary in making testamentary disposition of property; [and] any language which clearly indicates the testator's intention to dispose of his property to certain persons, either named or ascertainable, is sufficient." *In re Estate of Teubert*, 171 W. Va. 226, 231, 298 S.E.2d 456, 461 (quoting Syl. Pt. 1, *Runyon v. Mills*, 86 W. Va. 388, 103 S.E. 112 (1920)). However, we do not believe that those prior holdings in *Teubert* and *Runyon* regarding general testamentary intent are dispositive of the issue currently before us. Since 1997, the Internal Revenue Code has required a decedent, such as Shirley A. Martin, to "specifically indicate[] an intent to waive any right of recovery" in circumstances such as those present here. The circuit court correctly found that Shirley Martin did not do so.[20] Accordingly, the circuit court did not err in granting Sherree D. Martin's motion for partial summary judgment and its judgment in this regard is affirmed.

## IV. CONCLUSION

For the reasons set forth above, the circuit court's order in Case No. 21-0757 denying Sherree D. Martin's Rule 59(e) motion to alter or amend judgment is reversed and

---

[20] Petitioners further argue that the circuit court improperly considered extrinsic evidence in reaching its conclusion. However, the clear legal authority cited herein that provides that a testator must specifically indicate a desire to waive a right of recovery, when applied to the language included in Shirley Martin's Last Will and Testament, is dispositive of this issue without resort to extrinsic evidence. Accordingly, we need not address Petitioner's assertions related to consideration of extrinsic evidence.

remanded, and the circuit court's order granting partial summary judgment in Case No. 22-0417 is affirmed.

Reversed and Remanded as to Case No. 21-0757
and Affirmed as to Case No. 22-0417.

27